■ SUSAN GERCHBERG, Respondent, v SETH GERCHBERG, Defendant, and JAY ROSEN, Appellant.—Order, Supreme Court, New York County, entered August 8, 1977, denying appellant's motion to amend or modify the order, entered April 20, 1977, unanimously reversed, on the law, and motion granted to the extent of requiring the receiver to post an appropriate bond or to hold the appellant's payments in escrow, as plaintiff chooses, until further order of the court, with $60 costs and disbursements of this appeal to appellant. In 1975, plaintiff commenced the underlying action for divorce. During the trial, the parties entered into a stipulation of settlement that was incorporated into the judgment of divorce. That stipulation provided, *inter alia,* that the defendant would make certain lump sum and periodic payments to the plaintiff. The custody of the children was given to the plaintiff but the defendant was allowed to have visitation rights with the children during each summer. At the end of the 1976 summer, the defendant fled from this jurisdiction with the three children. He had sold his optometry practice to his partner, appellant Jay Rosen. The latter paid a total of $50,000 for the practice. The sum of $12,500 was paid in cash at the closing and the balance of $37,500 was to be paid on a monthly basis through a series of 89 negotiable notes drawn to the order of the defendant. In an order entered April 20, 1977, the court at Special Term (1) entered a money judgment against the defendant; (2) held him in contempt; (3) permitted him to purge himself of contempt by making proper payments and by returning the three children; (4) appointed a receiver and (5) directed the appellant to make payments on the notes to the receiver. Upon learning of the foregoing order, appellant moved to amend or modify that order by adding a provision requiring the receiver to furnish a surety bond or other adequate security. He noted that all notes through March of 1977 had been paid and canceled. However, the notes subsequent thereto had not been presented for cancellation. By paying the receiver, the appellant argued that he might be exposing himself to double liability should a holder in due course later present the uncanceled notes for payment. The court denied the motion. While the unpresented notes in this proceeding are overdue, it is possible that they were transferred to a holder in due course before they became overdue (Uniform Commercial Code § 3-302, subd [1], par [c]). Therefore, in order to protect the appellant from the possible risk of double payment, the receiver must be required, as plaintiff chooses, either to post an appropriate bond or to hold the payments in escrow. Settle order on notice. Concur—Murphy, P. J., Birns, Silverman, Evans and Fein, JJ.